# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1418
No. 05-1419

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeals from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Sedrick Devon Noble, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 3, 2006
Filed:  May 3, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Sedrick Devon Noble appeals the 28-year prison sentence he agreed to and the district court imposed after Noble pleaded guilty to armed robbery and gun charges. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Having carefully reviewed the record in accordance with Penson v. Ohio. 488 U.S. 75 (1988), we find no nonfrivolous issues.  Although the district court's written judgment does not specify the prison term attributable to each of the four counts to which Noble pleaded guilty, it rather gives a single sentence of 28 years

imprisonment. We conclude that remand for clarification is unnecessary because the district court's intent is clear from its oral pronouncement at sentencing. Thus, we modify the district court's written judgment to reflect, in district court case No. 4:04CR40014-002, concurrent 8-year prison terms for Counts 1 and 4, and a consecutive 10-year prison term for Count 2, and in district court case No. 4:04CR40016-001, an additional consecutive 10-year prison term for Count 2, resulting in a total prison sentence of 28 years. See 28 U.S.C. § 2106 (appellate court may modify any judgment of court brought before it for review); cf. United States v. Ashland, Inc., 356 F.3d 871, 875 (8th Cir. 2004) (excising objectionable conditions of probation and letting sentence stand as modified, because the objectionable conditions were relatively minor and were not integral part of district court's judgment); United States v. Mills, 9 F.3d 1132, 1139 (5th Cir. 1993) (modifying sentence instead of remanding where there was no doubt district court's intent was to sentence defendant to maximum term permitted under applicable range, and it would waste judicial resources to remand case for rote imposition of highest term of incarceration permitted).

Accordingly, we affirm the district court's judgment as modified, and we grant counsel leave to withdraw.

_____